UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

DEBBIE LOU WALKER,
　　　　　Appellant,

v.

DEPARTMENT OF DEFENSE,
　　　　　Agency.

DOCKET NUMBER
NY-1221-22-0167-W-1

DATE: February 14, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

James R. Walker, Byron, Georgia, for the appellant.

Ryan Devine, Esquire, Fort Gregg Adams, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, FIND that the appellant established Board jurisdiction over her appeal, and REMAND the case to New York Field Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2 The appellant works as a GS-13 Store Director of the Mitchel Field Commissary at the Defense Commissary Agency (DCA). Initial Appeal File (IAF), Tab 7 at 17, 30. On or about May 21, 2020, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging whistleblower reprisal. *Id.* at 12-54. After OSC issued the appellant a letter notifying her that it was terminating its investigation into her complaint, the appellant filed an IRA appeal with the Board. IAF, Tabs 1, 3. The administrative judge issued a jurisdictional order, notifying the appellant of the IRA jurisdictional standard, and providing her with an opportunity to present evidence and argument establishing Board jurisdiction over her IRA appeal. IAF, Tab 4.

¶3 The appellant responded to the administrative judge's order,[2] alleging that the agency retaliated against her because she disclosed that the Federal contractor providing personnel support to the commissary was fraudulently billing the agency in the amount of $1.275 million. IAF, Tabs 7 at 2-8, Tab 13 at 4-13. Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 20, Initial Decision (ID). First, the administrative judge found that the appellant alleged two instances of whistleblowing, specifically, an April 3, 2020 disclosure of "contractor impropriety" and a May 21, 2020 OSC complaint. ID at 3. Then, the administrative judge found that the appellant did not prove exhaustion as it relates to the May 21, 2020 OSC complaint. ID at 3. Next, the administrative judge found that, while the appellant proved exhaustion with regards to her April 3, 2020 disclosure, she did not make a nonfrivolous allegation that she held a reasonable belief that her disclosures evidenced agency wrongdoing because she

---

[2] Although the appellant responded to the administrative judge's initial jurisdictional order, IAF, Tabs 7-8, the administrative judge issued a second jurisdictional order, stating that the appellant's response did not comply with her order, and directing the appellant to provide a "concise list" of her allegations, IAF, Tab 9. The appellant responded to the administrative judge's second jurisdictional order. IAF, Tabs 13-14.

disclosed wrongdoing by a non-Federal entity. ID at 3-5. Concluding that the April 3, 2020 disclosure was a "quintessential contractual issue," the administrative judge found that the appellant did not make a nonfrivolous allegation that she made a protected disclosure. ID at 5.

¶4    The appellant has filed a petition for review, arguing, in part, that agency personnel were implicated in her disclosures, and she reasonably believed her disclosures evidenced agency wrongdoing. Petition for Review (PFR) File, Tab 1 at 4-5. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    As an initial matter, the administrative judge did not capture the totality of the appellant's claims, incorrectly stating that the appellant alleged only two instances of whistleblowing. ID at 3. Therefore, we must correct the framing of the appellant's allegations. The appellant asserted in her jurisdictional responses that:  (1) in November 2019, she disclosed to the Department of Defense Inspector General (DOD IG) that the Federal contractor was fraudulently billing the agency; (2) in December 2019, she disclosed to the DCA's Inspector General (IG) that the Federal contractor was fraudulently billing the agency; (3) in January 2020, she disclosed to the agency's contracting officer that the Federal contractor was fraudulently billing the agency, (4) in February 2020, she disclosed to her first-line supervisor that the Federal contractor was fraudulently billing the agency; and (5) on April 3, 2020, she disclosed to her second-line supervisor that the Federal contractor was fraudulently billing the agency.[3]  IAF,

_____

[3]  The appellant also alleged that she made disclosures to OSC, first on April 28, 2020, and then by filing an OSC complaint on May 21, 2020, which is the complaint that serves as the basis of this appeal. IAF, Tab 13 at 4. Regarding the April 28, 2020 OSC disclosure, the appellant did not reference this disclosure in any other submission to the Board or to OSC, nor has she claimed on review that she made a disclosure to OSC on April 28, 2020. IAF, Tab 7 at 2-8, 12-54, Tab 13 at 4-13; PFR File, Tab 1 at 4-6. However, even if the appellant made a disclosure to OSC on April 28, 2020, there is no evidence that she raised this claim to OSC, and thus, she did not prove exhaustion.

Tab 13 at 4-5. She also alleged that, in retaliation for her disclosures, the agency (i) subjected her to a hostile work environment; (ii) failed to detail her as the acting Store Director of another commissary; (iii) issued her an "unfair" award; (iv) failed to select her for three vacant positions; and (v) issued her an unfair performance review. *Id.* at 4-6.

¶6        Because the administrative judge did not accurately characterize the appellant's claims, she did not properly apply the IRA jurisdictional framework. First, we address the issue of exhaustion, finding that the appellant exhausted only a portion of her claims, specifically, that the agency retaliated against her for her disclosures to the DOD IG, the DCA IG, and her first- and second-line supervisors, by subjecting her to a hostile work environment, issuing her an "unfair" award, and not selecting her for three positions. However, we find that the appellant did not make a nonfrivolous allegation that the cumulative effect of the agency's actions constituted a significant change in her working conditions, and therefore, her hostile work environment claim is not a covered personnel action. Next, we find that, while the appellant nonfrivolously alleged that she engaged in protected activity by making disclosures to the DOD and DCA IGs, she did not make a nonfrivolous allegation that the protected activity was a contributing factor in any personnel action. Nevertheless, because we find that the appellant nonfrivolously alleged that she made protected disclosures to her first- and second-line supervisors that were a contributing factor in the agency's personnel actions, we find that the Board has jurisdiction over this appeal.

The appellant proved exhaustion with respect to a portion of her claims.

¶7        We find that the appellant proved exhaustion only with respect to a portion of the claims she set forth in her jurisdictional response. IAF, Tab 13 at 4-6. To

IAF, Tab 7 at 12-54. Regarding the appellant's May 21, 2020 OSC complaint, it is unclear whether the appellant is alleging that she was retaliated against for filing this complaint. IAF, Tab 13 at 4-6. Nevertheless, we agree with the administrative judge that the appellant did not prove that she exhausted her administrative remedies regarding the May 21, 2020 OSC complaint, ID at 3, and the appellant does not challenge this finding on review.

satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must have provided OSC with a sufficient basis to pursue an investigation into her allegations of whistleblower reprisal. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 7; *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. Generally, exhaustion can be demonstrated through the appellant's OSC complaint, evidence the original complaint was amended, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC. *Skarada*, 2022 MSPB 17, ¶ 7; *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). Alternatively, exhaustion may be proven through other sufficiently reliable evidence, such as an affidavit attesting that the appellant raised with OSC the substance of the facts in her Board appeal. *Skarada*, 2022 MSPB 17, ¶ 7; *Chambers*, 2022 MSPB 8, ¶ 11. The appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. *Chambers*, 2022 MSPB 8, ¶ 11.

¶8    The record contains a copy of the appellant's May 21, 2020 OSC complaint, a detailed narrative of her claims that she provided to OSC, and a copy of OSC's close-out letter. IAF, Tab 3, Tab 7 at 12-54. Based on our review of these documents, we find that the appellant raised to OSC that she disclosed the Federal contractor's fraudulent billing to the DOD IG, the DCA's IG, and her first- and second-line supervisors. IAF, Tab 7 at 20, 30-39. Furthermore, of the personnel actions alleged by the appellant in her jurisdictional response, OSC's close-out letter references the hostile work environment claim, the "unfair" award, and the three nonselections. IAF, Tab 3. There is no evidence that the appellant raised DCA's failure to detail her or her performance evaluation to OSC.[4] IAF, Tab 7 at 12-54. Similarly, there is no evidence that the appellant alleged to OSC that she

_____

[4] On review, the appellant admits that she did not raise the performance evaluation to OSC. PFR File, Tab 1 at 5.

made a protected disclosure to the agency's contracting officer in January 2020, as she asserted in her jurisdictional response. IAF, Tab 7 at 12-54, Tab 13 at 4.

¶9        Accordingly, we find that the appellant proved exhaustion with respect to the following: that she disclosed allegations of fraudulent billing by the Federal contractor to (1) the DOD IG; (2) the DCA IG; (3) her first-line supervisor; and (4) her second-line supervisor, and in retaliation, the agency (i) subjected her to a hostile work environment; (ii) issued her an "unfair" award; and (iii) did not select her for three vacant positions.

The appellant's hostile work environment claim is not a covered personnel action because the appellant did not make a nonfrivolous allegation that the cumulative effect of the agency's actions constituted a significant change in her working conditions.

¶10        The administrative judge, before issuing the initial decision, issued an order and findings on jurisdiction, "disallowing" the appellant's claim of hostile work environment because the appellant did not allege facts that would meet the legal burden to allege a hostile work environment. IAF, Tab 17 at 3. Specifically, the administrative judge stated that, to prevail on a hostile work environment claim, the appellant must show that the complained-of conduct was objectively and subjectively discriminatory, and was so severe or pervasive as to create a working environment that a reasonable person would find hostile. *Id.* The administrative judge concluded that the appellant's allegations were "lacking." *Id.*

¶11        To the extent the administrative judge cited to case law interpreting Title VII in defining a hostile work environment for purposes of this IRA appeal, her reliance on this case law was in error. IAF, Tab 17 at 3 (citing *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21-22 (1993) (explaining that under Title VII, an employee may pursue a claim based on conduct that is both "severe or pervasive enough to create . . . an environment that a reasonable person would find hostile or abusive" and that the victim "subjectively perceive[d]" as "abusive")). Although the term "hostile work environment" has a particular meaning in other contexts, the Board has clarified that allegations of a hostile

work environment may establish a personnel action in an IRA appeal only if they meet the statutory criteria, i.e., constitute a "significant change in duties, responsibilities, or working conditions" under 5 U.S.C. § 2302(a)(2)(A)(xii). *Skarada*, 2022 MSPB 17, ¶ 16. Only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by 5 U.S.C. § 2302(a)(2)(A)(xii). *Skarada*, 2022 MSPB 17, ¶ 16.

¶12    Although the administrative judge advised the parties of the Title VII definition of hostile work environment, we find that the definition she used was sufficient to advise the appellant of the need to identify the impact of the agency's actions on her workplace, as stated in *Skarada*. Specifically, the administrative judge identified as factors relevant in determining whether agency conduct rises to the level of actionable harassment as including the frequency and severity of the conduct and whether it interferes with performance. IAF, Tab 17 at 3. Under these circumstances, we conclude that the administrative judge's error was not harmful. *See As'Salaam v. U.S. Postal Service*, 85 M.P.S.R. 76, ¶ 14 (2000) (finding harmless an administrative judge's error in failing to notify the appellant that his burden at the jurisdictional stage of his appeal was to make nonfrivolous allegations when the undisputed facts made clear he could not meet this burden).

¶13    We also agree with the administrative judge that the appellant's allegations do not amount to a nonfrivolous allegation of a significant change in her duties, responsibilities, or working conditions. The appellant's hostile work environment claim includes the following allegations: denying her request to deep clean the store, denying her request to telework when she had COVID-19, denying her access to the commissary while she had COVID-19, requiring her to produce three doctor's notes to return to work after she had COVID-19, giving awards to the employees who worked while she was on leave due to COVID-19, requiring

her to contact an employee on sick leave, defaming and slandering her to the Command, and preventing her from filling vacant positions in the commissary store. IAF, Tab 13 at 4-13. The appellant does not challenge the administrative judge's findings on review, nor has she explained how the listed actions impacted her working conditions, duties, or responsibilities. IAF, Tab 7 at 2-8, Tab 13 at 4-13; PFR File, Tab 1 at 4-6. Accordingly, the appellant did not make a nonfrivolous allegation that her hostile work environment claim is a covered personnel action.

<u>The appellant did not make a nonfrivolous allegation that her disclosures to the DOD or DCA IGs were a contributing factor in the issuance of the award or the three nonselections.</u>

¶14    In addition to exhausting remedies with OSC, to establish Board jurisdiction over an IRA appeal, an appellant must make nonfrivolous allegations that (1) she made a protected whistleblowing disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected whistleblowing activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take, or fail to take, or threaten to take, a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Chambers*, 2022 MSPB 8, ¶ 14. Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), any disclosure of information to an IG is protected regardless of its content as long as such disclosure is made in accordance with applicable provisions of law. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. As the appellant alleged that she made disclosures to the DOD and DCA IGs, we find that she nonfrivolously alleged that she engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(C).

¶15    Having determined that the appellant nonfrivolously alleged that she engaged in a protected activity, we proceed to the question of whether she nonfrivolously alleged that these protected activities were a contributing factor in the agency's personnel actions. To satisfy the contributing criterion, an appellant only need raise a nonfrivolous allegation that the fact of, or the content of, the

protected disclosure was one factor that tended to affect the personnel action in any way. *Skarada*, 2022 MSPB 17, ¶ 19. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* The Board has held that a personnel action taken within approximately 1 to 2 years of the appellant's disclosures satisfies the knowledge/timing test. *Id.*

¶16 With respect to her IG disclosures, the appellant does not satisfy the knowledge/timing test. The appellant did not allege, in any submission to the Board or OSC, that the individuals identified as responsible for the personnel actions at issue had any knowledge of her contact with the DOD IG or DCA IG. IAF, Tab 7 at 2-8, 12-54, Tab 13 at 4-13. Furthermore, the appellant has not alleged that either IG investigated her claims or contacted any personnel related to her disclosures. IAF, Tab 7 at 2-8, 12-54, Tab 13 at 4-13. Accordingly, we find that the appellant does meet the knowledge prong of the knowledge/timing test.

¶17 However, the Board has held that if an appellant has failed to satisfy the knowledge/timing test, it will consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed towards the officials taking the action, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). Here, the appellant has not provided any evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel actions, nor has she explained whether the individuals responsible for taking the personnel actions against her had a desire or motive to retaliate. Furthermore, the appellant

does not allege that she named her supervisors in her disclosures to the DOD IG or the DCA IG, or that her whistleblowing was personally directed at them. IAF, Tab 7 at 2-8, 12-54, Tab 13 at 4-13. Accordingly, we find that the appellant has failed to nonfrivolously allege that her protected activities, i.e., her disclosures to the DOD and DCA IGs, were a contributing factor in the agency's personnel actions.

**The appellant made a nonfrivolous allegation that she made protected disclosures to her first- and second-line supervisors that were a contributing factor in the issuance of an unfair award and three nonselections.**

¶18    The administrative judge found that the appellant failed to nonfrivolously allege that her disclosures to her first- and second-line supervisors of wrongdoing by a Federal contractor implicated the Government. ID at 4-5. We disagree and further find that the appellant established Board jurisdiction because she nonfrivolously alleged that her protected disclosures were a contributing factor in the agency's personnel actions.[5]

¶19    A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 6. The test to determine whether a whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidence a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* A disclosure of wrongdoing committed by a non-Federal Government entity may be protected only when the Government's interests and good name are implicated in the

---

[5] The statutory definition of a personnel action expressly includes the personnel actions at issue, i.e., nonselections and awards. 5 U.S.C. § 2302(a)(2)(A)(i)-(ii), (ix).

alleged wrongdoing, and the employee shows that she reasonably believed that the information she disclosed evidenced that wrongdoing. *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 20.

¶20 Contrary to the administrative judge's findings, ID at 3-5, we conclude that the appellant's disclosure necessarily implicates agency wrongdoing. The appellant alleged that she disclosed to her first-line supervisor in February 2020 and her second-line supervisor on April 3, 2020, that the Federal contractor was fraudulently billing the agency at least $1.275 million annually for work that it did not perform. IAF, Tab 13 at 4-5. The appellant's allegations, if true, could constitute a gross waste of funds, which is defined as a more than debatable expenditure that is significantly out of proportion to the benefit reasonably expected to accrue to the Government. *See Smith v. Department of the Army*, 80 M.S.P.R. 311, ¶ 8 (1998) (so defining a gross waste of funds). The appellant alleged that the $1.275 million was a relatively large amount given the small size of the store.[6] IAF, Tab 13 at 5. She further alleged that an acting Store Director's lack of oversight permitted the fraudulent overcharging. *Id.* at 4, 9. While lacking in detail, we find that the allegations are sufficient to suggest that the Government enabled a contractor to charge for services that the Government did not receive and thus that the payment for these services was disproportionate to the benefit accrued. Therefore, the appellant nonfrivolously alleged that she made a protected disclosure.

¶21 We also find that the appellant nonfrivolously alleged that these protected disclosures were a contributing factor in the issuance of the "unfair" award and the three nonselections, because the appellant made the protected disclosures to her first- and second-line supervisors, i.e., the individuals responsible for the

---

[6] The Board does not require, as a basis for its jurisdiction, that an appellant in an IRA appeal correctly label a category of wrongdoing. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 11 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016). Therefore, we need not consider here whether the appellant's allegations might constitute another category of wrongdoing, such as gross mismanagement. The administrative judge should consider this issue on remand at the merits stage of this appeal.

personnel actions, and the personnel actions occurred within 1 to 2 years of her protected disclosures. *See Skarada*, 2022 MSPB 17, ¶ 19 (finding that an appellant satisfies the contributing factor standard if she meets the knowledge/timing test).

The appellant made a nonfrivolous allegation of Board jurisdiction and is entitled to a hearing.

¶22    In conclusion, we find that the appellant nonfrivolously alleged that she made protected disclosures that were a contributing factor in certain personnel actions. Therefore, the appellant has established Board jurisdiction over her appeal, and she is entitled to a hearing on the merits. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016) (explaining that an appellant is entitled to a hearing on the merits once she establishes Board jurisdiction over her IRA appeal). On remand, the administrative judge shall schedule the hearing the appellant requested and afford her an opportunity to prove by preponderant evidence that she made protected disclosures to her first- and second-line supervisors that were a contributing factor in the issuance of the unfair award and the three nonselections. IAF, Tab 1 at 2; *see Skarada*, 2022 MSPB 17, ¶ 22 (explaining that, when reviewing the merits of an IRA appeal, the Board must determine whether the appellant established by preponderant evidence that he made a protected disclosure that was a contributing factor in the agency's personnel action). If the administrative judge finds that the appellant proved her prima face case of whistleblower reprisal, the administrative judge must then determine whether the agency has proved by clear and convincing evidence that it would have taken the same personnel actions notwithstanding the appellant's protected disclosures. *See Turner v. Department of Agriculture*, 2023 MSPB 25, ¶ 12 (explaining that if an appellant proves that a protected disclosure or activity was a contributing factor in a personnel action by preponderant evidence, the agency is given an opportunity to prove by clear and convincing evidence that it

would have taken the same personnel action absent the protected disclosure or activity).

## ORDER

¶23    For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _Gina K. Grippando_
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.